# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CORNELL MILLER, | ) |
|     Petitioner, | ) ) ) |
| vs. | )   Case No. 11-CV-621-GKF-PJC ) |
| BRIAN THORNBURG, Dist. Supervisor, | ) ) |
|     Respondent. | ) |

## OPINION AND ORDER

Before the Court is the 28 U.S.C. § 2254 habeas corpus petition (Dkt. # 1) filed by Petitioner, a state prisoner appearing pro se. Respondent filed a response (Dkt. # 8) and provided the state court records necessary for resolution of Petitioner's claims (Dkt. # 10). Petitioner filed a reply (Dkt. # 11). For the reasons discussed below, the petition for writ of habeas corpus is denied.

### *BACKGROUND*

In an affidavit for arrest, filed in Tulsa County District Court, Case No. CF-2008-5150, see Dkt. # 10-2, O.R. at 25, Tulsa Police Officer Eric Hill (Hill) wrote that, on October 13, 2008, he observed a vehicle, being driven by Petitioner Cornell Miller, make "a wide/improper right turn onto Apache from Norfolk," in Tulsa Oklahoma. Id. Hill activated his emergency lights and siren and conducted a traffic stop. Id. As Hill exited his patrol car, Petitioner exited the stopped vehicle and began walking towards Hill. Petitioner stopped walking on Hill's instruction. Hill obtained personal information from both Petitioner and the front seat passenger, Billie Boy Smith. Id. As Hill spoke with Smith, he "observed several pieces of white tan rocks on the driver's seat that were consistent with crack cocaine . . . [and] observed a glass crack pipe on the driver's floorboard in front of the driver's seat." Id. Tulsa Police Officer Foust (Foust) arrived on the scene and recovered

the evidence. Id. Foust also recovered a prescription bottle containing three pills. Id. The pills were turned into the lab for analysis. Tulsa Police Corporal Wells (Wells) conducted a field test on the suspected cocaine and the results were positive for cocaine. Id.

Based on that information, Petitioner was arrested and charged in Tulsa County District Court, Case No. CF-2008-5150, with Unlawful Possession of a Controlled Drug (Count I), Unlawful Possession of Drug Paraphernalia (Count II), and Improper Right Turn (Count III). See id. at 18-23. The State endorsed Hill, Foust, Wells, the property officer, and the drug analyst as witnesses. Id. at 19. On February 18, 2009, after being accepted into the drug court program, Petitioner entered pleas of nolo contendere to all three charges. See id. at 5. On that same date, he entered pleas of guilty to drug charges filed in two additional cases, Case Nos. CF-2008-304 and CF-2008-1024.[1] Petitioner's sentencing was delayed until February 14, 2012, so that he could complete the drug court program. Id.

On November 24, 2009, the State filed a motion to revoke Petitioner's participation in the drug court program. Id. at 8. On April 20, 2010, he was terminated from drug court. See Dkt. # 10 at 41-44. On April 22, 2010, the court sentenced Petitioner to eight (8) years imprisonment on Count I and one (1) year in the county jail on Count II, to be served concurrently with each other and concurrently with similar sentences entered in Case Nos. CF-2008-304 and CF-2008-1024. Id. at 9. Attorney Cesar Latimer provided representation during these proceedings.

---

[1] On February 18, 2009, in Case No. CF-2008-304, Petitioner entered pleas of guilty to Unlawful Possession of a Controlled Drug – 2nd Offense (Count I), Driving with License Canceled/Suspended/Revoked (Count II), and Unlawful Possession of Drug Paraphernalia (Count III). On that same date, he pled guilty, in Case No. CF-2008-1024, to one count of Unlawful Possession of a Controlled Drug.

Petitioner, represented by attorney Andreas T. Pitsiri, appealed the order terminating him from the drug court program to the Oklahoma Court of Criminal Appeals (OCCA). See Dkt. # 8-1. However, on November 19, 2010, counsel for Petitioner filed a motion to dismiss the appeal. Id. at 2. Counsel attached Petitioner's affidavit, stating that "I understand that by dismissing my appeal, I give up any opportunity to reinstate my appeal or to appeal any issues in this case at any future date." Id. By order filed December 17, 2010, in Case No. F-2010-642, the OCCA dismissed the appeal pursuant to Petitioner's request. Id.

On January 21, 2011, Petitioner filed an application for post-conviction relief. He raised four propositions of error, quoted by the state district court in denying post-conviction relief, as follows:

1) In light of newly discovered evidence not reasonable [sic] available at time of defendant's plea and acceptance into drug court. That former Tulsa Police officer Eric Hill was under a federal grant [sic] jury probe and investigatin [sic] into police corruption, and therefore, Eric Hill plead guilty to illegal activity while a Tulsa Police officer, and Miller's sentence should be vacated and set aside.

2) Former Tulsa Police officer Eric Hill prepared an official Tulsa Police department report falsely in order to arrest and convict Milller [sic], and therefore, committed perjury. Miller's sentence and conviction should be vacated and dismissed.

3) Fundamental errors unduly prejudiced and deprived Miller of a fair proceeding, and accordingly, warrants relief from this Court.

4) Trial court should correct Miller's case number CF-2008-5151 [sic] to clarify his judgment and sentence by an order Nunc Pro Tunc.

See Dkt. # 8-2 at 3. In an Amended Order filed April 7, 2011, the state district court denied relief. Id. at 4. However, the Judgment and Sentence was amended to reflect the correct plea of nolo contendere. Id. Petitioner appealed. By Order filed August 5, 2011, in Case No. PC-2011-307, the OCCA affirmed the denial of post-conviction relief. (Dkt. # 8-4).

3

On October 7, 2011, Petitioner, appearing pro se, filed his federal petition for writ of habeas corpus. (Dkt. # 1). In his petition, Petitioner identifies two (2) grounds for relief, as follows:

Ground I: Voluntariness of nolo contendere plea can be challenged on Brady grounds if State withhold evidence of Actural [sic] innocence.

Ground II: The prosecution engaged in misconduct that violated not only the professional duties of their office, and thus, deprived Petitioner of due process. Even if no single instance of alleged misconduct warrants reversal of Petitioner's conviction, plain error does.

Id. In ground I, Petitioner claims that the State failed to provide allegedly exculpatory evidence before he entered his nolo contendere pleas in violation of Brady v. Maryland, 373 U.S. 83 (1963). Id. 4-19. In ground II, Petitioner claims that the prosecutor engaged in misconduct by failing to disclose the allegedly exculpatory evidence identified in ground I. Id. at 20-23. Petitioner also raises two subclaims: (1) his nolo contendere pleas were the result of the prosecution's use of "coercion and threats to force Petitioner to bypass and waive the state's own preliminary hearing before Judge Clifford smith, Special Judge," id. at 11, and (2) cumulative error, id. at 18, 22-23. As to claims adjudicated on the merits by the OCCA, Respondent argues that Petitioner is not entitled to habeas corpus relief under 28 U.S.C. § 2254(d). (Dkt. # 8).

*ANALYSIS*

**A. Exhaustion/Evidentiary Hearing**

As a preliminary matter, the Court must determine whether Petitioner meets the exhaustion requirements of 28 U.S.C. § 2254(b), (c). See Rose v. Lundy, 455 U.S. 509, 510 (1982). In response to the petition, Respondent cites 28 U.S.C. § 2254(b)(2) and Moore v. Shoeman, 288 F.3d 1231, 1235 (10th Cir. 2002), and states that "Petitioner's sub-claims of prosecutor coercion and cumulative error are unexhausted in State court. The Respondent has chosen to address them on the

4

merits rather than raise unexhaustion." (Dkt. # 8 at 2 n.1). The Court agrees that, with the exception of the two subclaims identified by Respondent, Petitioner has exhausted his state court remedies. As to the unexhausted subclaims, and as discussed in more detail in Part C below, the Court denies habeas corpus relief. See 28 U.S.C. § 2254(b)(2). In addition, the Court finds that Petitioner is not entitled to an evidentiary hearing. See Williams v. Taylor, 529 U.S. 420 (2000).

**B.      Claims adjudicated by the OCCA**

The Antiterrorism and Effective Death Penalty Act (AEDPA) provides the standard to be applied by federal courts reviewing constitutional claims brought by prisoners challenging state convictions. Under the AEDPA, when a state court has adjudicated a claim, a petitioner may obtain federal habeas relief only if the state court decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." See 28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362, 386 (2000); Neill v. Gibson, 278 F.3d 1044, 1050-51 (10th Cir. 2001). "Clearly established Federal law for purposes of § 2254(d)(1) includes only the holdings, as opposed to the dicta, of [the Supreme Court's] decisions." White v. Woodall, 134 S. Ct. 1697, 1702 (2014) (citations omitted).

When a state court applies the correct federal law to deny relief, a federal habeas court may consider only whether the state court applied the federal law in an objectively reasonable manner. See Bell v. Cone, 535 U.S. 685, 699 (2002); Hooper v. Mullin, 314 F.3d 1162, 1169 (10th Cir. 2002). An unreasonable application by the state courts is "not merely wrong; even 'clear error' will not suffice." White, 134 S. Ct. at 1702 (citing Lockyer v. Andrade, 538 U.S. 63, 75-76 (2003)). The petitioner "'must show that the state court's ruling . . . was so lacking in justification that there was

5

an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'" Id. (quoting Harrington v. Richter, 562 U.S. 86, 131 S. Ct. 770, 786-87 (2011); see also Metrish v. Lancaster, 133 S. Ct. 1781, 1787 (2013)). Further, the "determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). "When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." Richter, 131 S. Ct. at 784-85. Section 2254(d) bars relitigation of claims adjudicated on the merits in state courts and federal courts review these claims under the deferential standard of § 2254(d). Id. at 784; Schriro v. Landrigan, 550 U.S. 465, 474 (2007).

As a result of the errors alleged in the habeas petition, Petitioner argues that his pleas were not knowingly entered and that he should be allowed to withdraw them. With the exception of his claims of prosecutorial coercion and cumulative error, discussed in Part C below, Petitioner raised his claims on post-conviction appeal. The OCCA affirmed the state district court's denial of post-conviction relief, finding as follows:

> Petitioner has failed to establish entitlement to relief in this post-conviction proceeding. Petitioner has not established that he has any new evidence that is material to his case, or that would have changed the outcome of his case. *See Hunter v. State*, 1992 OK CR 19, ¶ 15, 829 P.2d 64, 67. Petitioner's allegations of police corruption all relate to other criminal cases. Petitioner presents no evidence to support his assertions that the police report filed in his case was falsified, or that the incriminating evidence in his case was planted. Petitioner has not established that the grand jury investigation of police corruption has produced any evidence that affects his case. Therefore, the order of the District Court of Tulsa County denying Petitioner's application for post-conviction relief in Case No. CF-2008-5150 should be, and is hereby, **AFFIRMED**.

(Dkt. # 8-4 at 2).

In Boykin v. Alabama, 395 U.S. 238 (1969), the Supreme Court held that a guilty plea must be entered into "knowingly and voluntarily." A plea is not voluntary unless the defendant knows the direct consequences of his decision, including the maximum penalty to which he will be exposed. Worthen v. Meachum, 842 F.2d 1179, 1182 (10th Cir. 1988) (stating that critical inquiry is whether defendant knows of maximum possible sentence), overruled on other grounds by Coleman v. Thompson, 501 U.S. 722 (1991). Furthermore, it is not necessary that the record reflect a detailed enumeration and waiver of rights as a result of the guilty plea; rather the issue is simply whether the record affirmatively shows that the guilty plea was intelligent and voluntary. Stinson v. Turner, 473 F.2d 913 (10th Cir. 1973). "Whether a plea is voluntary is a question of federal law, but this legal conclusion rests on factual findings and inferences from those findings." Fields v. Gibson, 277 F.3d 1203, 1212 (10th Cir. 2002) (citing Boykin). The "determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

In this case, Petitioner claims that the prosecution's failure to inform him, before entry of his pleas of nolo contendere in Case No. CF-2008-5150, of the involvement of Hill and Wells in the police corruption scandal,[2] violated Brady. Petitioner argues, as he did in his post-conviction proceedings, that the prosecution improperly withheld evidence of Hill's conduct in other cases, and

---

[2]On July 19, 2010, following a grand jury investigation into corrupt and unlawful practices within the Tulsa Police Department (TPD), Hill was named as an unindicted co-conspirator in a federal indictment against Wells and two other TPD officers, United States v. Harold Wells, Nick DeBruin, and Bruce Bonham, 10-CR-116-BDB (N.D. Okla.).

that had the evidence been made available to the defense, there was a "reasonable probability" that the result of the proceeding would have been different.³ (Dkt. # 1 at 14).

Due process requires prosecutors to "avoi[d] an unfair trial" by making available "upon request" evidence "favorable to an accused where the evidence is material either to guilt or punishment." Brady, 373 U.S. at 87. This requirement extends to evidence affecting witness credibility, where the witness's reliability is likely determinative of guilt or innocence. Giglio v. United States, 405 U.S. 150, 154 (1972). However, the Constitution does *not* require federal prosecutors to disclose impeachment information relating to witnesses prior to entering a plea agreement with a criminal defendant. United States v. Ruiz, 536 U.S. 622, 625 (2002). As the Court in Ruiz explained, "[w]hen a defendant pleads guilty he or she, of course, forgoes not only a fair trial, but also other accompanying constitutional guarantees." Id. at 628. The Court stated, "[g]iven the seriousness of the matter, the Constitution insists, among other things, that the defendant enter a guilty plea that is 'voluntary' and that the defendant must make related waivers 'knowing[ly], intelligent[ly], [and] with sufficient awareness of the relevant circumstances and likely consequences." Id. at 629. Impeachment information, though "is special in relation to the *fairness of a trial*, not in respect to whether a plea is *voluntary*." Id.

Here, the information allegedly withheld concerned the reliability and truthfulness of Hill and Wells based on their involvement in other criminal cases. Petitioner presents no evidence demonstrating that Hill falsified the affidavit filed in Petitioner's case or planted the drug evidence

---

³Petitioner notes that on July 9, 2010, "Judge Sarah Smith, Tulsa County District Court Judge had requested the office of the district attorney to investigate allegations [that Hill planted the cocaine recovered from Petitioner's car] in Case No. CF-2008-5150." (Dkt. # 1 at 9). According to the docket sheet for Case No. CF-2008-5150, Petitioner was not afforded relief as a result of the investigation. See Dkt. # 10-2, O.R. at 15-17.

recovered from Petitioner's car. Thus, the allegedly withheld information may have been used to impeach the police witnesses. Under Ruiz, the Constitution did not require the State to disclose that impeachment evidence prior to entering into a plea agreement with Petitioner. Therefore, the Court finds that, under the facts of this case, Petitioner's Brady claim is foreclosed by Ruiz. United States v. Scott, 552 F. App'x 838, 840 (10th Cir.) (unpublished)[4] (finding § 2255 claims based on prosecution's failure to disclose evidence of officers' involvement in Tulsa police corruption investigation prior to defendant's entry of guilty plea foreclosed by Ruiz), cert. denied, 134 S. Ct. 1532 (2014).

Notably, for purposes of habeas review, Petitioner fails to present clear and convincing evidence to rebut the presumption of correctness afforded the state court's finding of fact that Petitioner's pleas were entered voluntarily. See Dkt. # 10-2, O.R. at 67, ¶ 36(C); Jarrell v. Jordan, 7 F. App'x 852, 853-54 (10th Cir. 2001) (unpublished) (affording presumption of correctness to state court finding that guilty pleas were entered knowingly and voluntarily); 28 U.S.C. § 2254(e)(1). As determined by the OCCA, Petitioner presents no new evidence demonstrating that Hill falsified the police report or planted the drugs recovered from Petitioner's car. After consideration of the entire record, the Court concludes Petitioner fails to show that the OCCA's decision affirming the denial of post-conviction relief was contrary to, or an unreasonable application of, federal law as determined by the Supreme Court. 28 U.S.C. § 2254(d). Petitioner is not entitled to habeas relief on his habeas claims adjudicated by the OCCA on post-conviction appeal.

---

[4] This and other unpublished opinions herein are not precedential but are cited for their persuasive value. See Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

**C. Claims denied on the merits under 28 U.S.C. § 2254(b)(2)**

**1. Pleas coerced by prosecution**

Petitioner claims his pleas were coerced because the prosecution threatened him with "more time if Petitioner did not waive the preliminary hearing." (Dkt. # 1 at 6). This claim of coercion has not been fairly presented to the state courts and is unexhausted. However, under 28 U.S.C. § 2254(b)(2), the Court finds Petitioner is not entitled to habeas corpus relief on this claim.

Although a petitioner's statements made at the guilty plea hearing "are subject to challenge under appropriate circumstances," they constitute "a formidable barrier in any subsequent collateral proceeding." United States v. Maranzino, 860 F.2d 981, 985 (10th Cir. 1988) (quoting Worthen, 842 F.2d at 1183-84); see also Romero v. Tansy, 46 F.3d 1024, 1033 (10th Cir. 1995). The Tenth Circuit emphasizes the importance of plea colloquies: "This colloquy between a judge and a defendant before accepting a guilty plea is not pro forma and without legal significance. Rather, it is an important safeguard that protects defendants from incompetent counsel or misunderstandings." Fields, 277 F.3d at 1214.

Petitioner's unexhausted claim that the prosecutor coerced him to plead nolo contendere is belied by the record. Petitioner fails to show he signed the plea form under coercion or without an understanding of its contents. On the first page of the form, Petitioner affirmed that he could read and that he understood the plea form and the nature and consequences of the proceeding. (Dkt. # 10-2, O.R. at 64, ¶¶ 5, 9). Petitioner also affirmed that he understood the crimes with which he was charged and the range of punishment for each of those crimes, id. at ¶¶ 12, 16; that he understood he was giving up the listed rights by entering nolo contendere pleas, id. at 65, ¶ 17; that he had discussed the charges with his lawyer, and was satisfied with his lawyer's advice, id. at 66, ¶¶ 18,

20, 21; and that he wanted to change his plea of not guilty to no contest and give up the right to a jury trial, id. at ¶ 22. Significantly, Petitioner affirmed that he entered the pleas of nolo contendere by his "own free will and without any coercion or compulsion of any kind." Id. at ¶ 30. Based on Petitioner's answers, the state district judge found that Petitioner understood the nature and consequences of the proceeding, his pleas of no contest were knowingly and voluntarily entered and accepted, Petitioner was competent, and a factual basis existed for the pleas. Id. at 67-68, ¶ 36.

The record further reflects that, on the same date he entered nolo contendere pleas in Case No. CF-2008-5150, Petitioner entered guilty pleas in two prior drug-related felony cases. In addition, at the hearing on Petitioner's removal from the drug court program, see Dkt. # 10, the parties and the judge discussed Petitioner's most recent drug charge filed in Tulsa County District Court, Case No. CF-2009-5856. In summary, Petitioner's claim that his pleas were involuntary because he was coerced by the prosecution is not supported by the record prepared at the time the pleas were entered. Petitioner fails to overcome the presumption of correctness afforded the state court's factual finding that Petitioner entered his pleas voluntarily. His request for habeas relief is denied. 28 U.S.C. § 2254(b)(2).

**2. Cumulative error**

Petitioner also claims that he is entitled to habeas corpus relief based on cumulative error. (Dkt. # 1 at 18, 22-23). As noted by Respondent, Petitioner has not presented this claim to the state courts. Nonetheless, this Court may deny habeas corpus relief on an unexhausted claim. 28 U.S.C. § 2254(b)(2). The Tenth Circuit Court of Appeals has repeatedly held that cumulative error analysis is applicable only where there are two or more actual errors. Workman v. Mullin, 342 F.3d 1100, 1116 (10th Cir. 2003). Cumulative impact of non-errors is not part of the analysis. Le v. Mullin,

11

311 F.3d 1002, 1023 (10th Cir. 2002) (citing Rivera, 900 F.2d at 1471). The Court has found no error in this case. As a result, there is no basis for a cumulative error analysis and Petitioner is not entitled to relief based on this claim.

**D.     Certificate of Appealability**

Rule 11, Rules Governing Section 2254 Cases in the United States District Courts, instructs that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Pursuant to 28 U.S.C. § 2253, the court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," and the court "indicates which specific issue or issues satisfy [that] showing." A petitioner can satisfy that standard by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings. Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (citing Barefoot v. Estelle, 463 U.S. 880, 893 (1983)).

The Court concludes that a certificate of appealability should not issue. Nothing suggests that the Tenth Circuit would find that this Court's application of AEDPA standards to the OCCA's decision is debatable amongst jurists of reason. See Dockins v. Hines, 374 F.3d 935, 938 (10th Cir. 2004). The record is devoid of any authority suggesting that the Tenth Circuit Court of Appeals would resolve the issues in this case differently. A certificate of appealability shall be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1.     The petition for writ of habeas corpus (Dkt. # 1) is **denied**.

2.     A certificate of appealability is **denied**.

3.     A separate judgment shall be entered in this matter.

**DATED** this 14th day of November, 2014.

                                                   GREGORY K. FRIZZELL, CHIEF JUDGE
                                                 UNITED STATES DISTRICT COURT